IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **M.J. RESURRECTION, INC.** d/b/a FW Warehousing d/b/a FW Logistics, an Illinois corporation, <br><br> Plaintiff, <br><br> vs. <br><br> **PTI UNION, LLC** d/b/a Pharma Tech Industries, <br><br> Defendant. | Case No. |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff, M.J. RESURRECTION, INC., d/b/a "FW LOGISTICS," "FW WAREHOUSING" and "FW TRUCKING," and for its Verified Complaint against Defendant PTI UNION, LLC, d/b/a "PharmaTech," states as follows:

### THE PARTIES

M.J. RESURRECTION, INC. is an Illinois corporation with its principal place of business at 325 W Main St, Belleville, IL 62220, and conducts business under the registered fictious names of "FW Logistics" and "FW Trucking." Except as otherwise noted, these shall be collectively referred to as "Plaintiff."

Defendant PTI UNION, LLC is a Delaware limited liability company with its principal place of business at 1310 Stylemaster Dr, Union, MO 63084, and conducts business under the fictitious name "PharmaTech." Defendant PTI Union, LLC shall be referred to herein as "Defendant" or "PharmaTech."

## JURISDICTION

This Court has subject matter jurisdiction over this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332, because FW Warehousing and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

Personal jurisdiction and venue are proper in this Court pursuant to the agreement of the parties as expressed in Paragraph 8.10 of the President Street Contract (See Exhibit A, described below) and Paragraph 10.11 of the Rock Industrial Contract (See Exhibit B, described below).

## FACTS COMMON TO ALL COUNTS

On or about November 13, 2020, Plaintiff and Defendant entered into an agreement whereby Plaintiff would provide warehousing services to Defendant at Plaintiff's warehouse facility located at 120 E. President Street, St. Louis, Missouri (herein "President Street"). A true, complete and accurate copy of the written agreement covering the services at President Street is attached hereto as Exhibit A (herein "President Street Contract").

There remains due $40,779.54 in unpaid invoices for services rendered by Plaintiff to the Defendant pursuant to the President Street Contract.

On or about August 27, 2021, Plaintiff and Defendant entered into an agreement whereby Plaintiff would provide warehousing services to Defendant at Plaintiff's warehouse facility located at 303 Rock Road Industrial Park, Bridgeton, Missouri (herein "Rock Industrial facility"). A true, complete and accurate copy of the written agreement covering the services at the Rock Industrial facility is attached hereto as Exhibit B (herein "Rock Industrial Contract").

There remains due $21,280.35 in unpaid invoices for services rendered by Plaintiff to the Defendant pursuant to the Rock Industrial Contract.

On or about December 3, 2020, the parties also contracted for trucking services. Specifically, Plaintiff provided to Defendant and Defendant accepted a Rate Proposal setting forth rates for trucking services and additional products and services, including rates for fuel surcharges. A true, complete and accurate copy of the trucking rates and additional charges is attached hereto as Exhibit C (herein "the Trucking Services Contract").

There remains due and owing $51,721.37 for services rendered by Plaintiff to Defendant under the Trucking Services Contract.

In total, there remains $113,781.26 due and owing to the Plaintiff for services rendered by the Plaintiff to the Defendant under the President Street Contract, the Rock Industrial Contract and the Trucking Services Contract.

## COUNT I – BREACH OF CONTRACT – PRESIDENT STREET

FW hereby restates and incorporates the foregoing paragraphs as though fully set forth herein.

1. The President Street Contract is a valid and binding contract.

2. Plaintiff performed all its duties and obligations under the President Street Contract.

3. Defendant has materially breached the President Street Contract by failing to pay the invoices when due or to otherwise timely pay for services rendered.

4. The President Street Contract provides for a late fee of 2.5% per month on unpaid invoices, as well as for recovery of costs and fees related to enforcement.

5. Defendant's breach of the President Street Contract has directly resulted in and proximately caused Plaintiff to suffer damages in the amount of $40,779.54 at the time of filing.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor as to Count I; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%)

per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT – ROCK INDUSTRIAL

FW hereby restates and incorporates the foregoing paragraphs as though fully set forth herein.

1. The Rock Industrial Contract is a valid and binding contract.

2. Plaintiff performed all its duties and obligations under the Rock Industrial Contract.

3. Defendant has materially breached the Rock Industrial Contract by failing to pay the invoices when due or to otherwise timely pay for services rendered.

4. The Rock Industrial Contract provides for a late fee of 2.5% per month on unpaid invoices, as well as for recovery of costs and fees related to enforcement.

5. Defendant's breach of the Rock Industrial Contract has directly resulted in and proximately caused Plaintiff to suffer damages in the amount of $21,280.35 at the time of filing.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor as to Count II; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF CONTRACT – TRUCKING SERVICES

FW hereby restates and incorporates the foregoing paragraphs as though fully set forth herein.

1. The Trucking Services Contract is a valid and binding contract.

2. Plaintiff performed all its duties and obligations under the Trucking Services Contract.

3. Defendant has materially breached the Trucking Services Contract by failing to pay the invoices when due or to otherwise timely pay for services rendered.

4. Defendant's breach of the Trucking Services Contract has directly resulted in and proximately caused Plaintiff to suffer damages in the amount of $51,721.37 at the time of filing.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor as to Count IIII; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

## COUNT IV – ACCOUNT STATED (ACTION ON ACCOUNT)

FW hereby restates and incorporates the foregoing paragraphs as though fully set forth herein.

1. Defendant requested that FW furnish warehousing and trucking services to Defendant.

2. FW Warehousing accepted the request and furnished the services requested.

3. FW Warehousing's charges of for those services were reasonable.

4. FW has consistently issued invoices and statements to PharmaTech.

5. FW Warehousing's charges have not been paid in that there is a balance due and owing of $113,781.26.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor as to Count IV; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%)

per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

### COUNT V – UNJUST ENRICHMENT

FW hereby restates and incorporates the foregoing paragraphs as though fully set forth herein.

1. Defendant received a benefit from Plaintiff.

2. The benefit received by Defendant from Plaintiff were at the plaintiff's expense.

3. It unjust for the Defendant to retain the benefit without commensurate compensation to the Plaintiff.

WHEREFORE, Plaintiff prays that the Court enter judgment in Plaintiff's favor as to Count V; award Plaintiff its damages, including pre-judgment interest at two and one-half percent (2.5%) per month, reasonable attorney fees and expenses, costs of collection, post-judgment interest at two and one-half percent (2.5%) per month, and court costs; and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
AEGIS LAW

By     */s/ John N. Julian, III*
John N. Julian, III – No. 6211254 (IL)
601 S. Lindbergh Blvd.
Frontenac, Missouri 63131
Telephone: (314) 454-9100
Facsimile: (314) 454-9110 (fax)
jjulian@aegislaw.com
**Attorney for Plaintiff M.J. Resurrection, Inc. d/b/a FW Warehousing d/b/a FW Logistics**

## SWORN SIGNATURE/VERIFICATION PAGE

STATE OF _IL._ )
                        ) ss
COUNTY OF _ST. CLAIR_ )

The below named person, being duly sworn on their oath, states that they have read the foregoing, that they are authorized to sign on behalf of **Plaintiff M.J. Resurrection LLC d/b/a FW Warehousing and FW Logistics and FW Trucking**, and that the facts contained herein are true to the best of the Company's current knowledge, information and belief.

_____
Signature

_ROBERT A. FISCHER_
Printed Name

Subscribed and sworn to before me, a Notary Public, this _22ND_ day of _November_ 2022.

_____
Notary Public

My Commission Expires
_10/25/2025_

TERRY STEIBEL
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires
October 25, 2025